[Doc. No. 52]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| **CHARLES WELSH,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 06-2047(RBK) |
| | : | |
| **MAERSK LINE, LTD.,** | : | |
| | : | |
| Defendant. | : | |

### ORDER

This matter is before the Court on the Motion to Withdraw as Counsel of Record [Doc. No. 52] filed by Brian P. McVan, Esquire, counsel for Plaintiff, Charles Welsh; and the Court having received the submissions of Mr. Welsh [Doc. No. 55] and Defendant, Maersk Lines, Ltd. ("Maersk") [Doc. Nos. 53, 56, and 57]; and Mr. McVan arguing that "plaintiff and counsel have irreconcilable differences over issues arising out of this litigation as well as over the management and direction of the litigation"; and Mr. McVan further arguing that Plaintiff has indicated that he wishes to represent himself and that he is capable of presenting his case without the assistance of counsel; and Maersk not opposing Mr. McVan's Motion [Doc. No. 53-2] but requesting "that the matter proceed as scheduled"; and Mr. Welsh consenting to Mr. McVan's Motion to Withdraw; and the Court having conducted a hearing on Mr. McVan's Motion on May 7, 2008, at which Plaintiff, Charles Welsh, appeared and was heard; and

The Court finding that pursuant to L. Civ. R. 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court; and the Court further finding that the decision of whether or not to permit withdrawal is within the discretion of the court (Rusinow v. Kamara,

920 F.Supp. 69, 71 (D.N.J. 1996)); and the Court further finding that in deciding whether to permit an attorney to withdraw, the court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case" id.; and the Court further finding that pursuant to N.J. R.P.C. 1.2(c), a lawyer may limit his scope of representation if the limitation is reasonable under the circumstances and the client gives informed consent (see also Lerner v. Laufer, 359 N.J.Super. 201, 217 (App. Div. 2003)); and the Court further finding that there has been an irretrievable breakdown of the attorney-client relationship between Mr. McVan and Plaintiff; and the Court further finding that Mr. Welsh consents to Mr. McVan's withdrawal of appearance and that he desires to represent himself *pro se* in the case; and the Court further finding that permitting Mr. McVan to withdraw as counsel for Plaintiff will not unduly delay trial in this case or prejudice other parties; and accordingly, for good cause shown

IT IS on this 23rd day of June 2008 hereby

ORDERED that Mr. McVan's Motion to Withdraw as Counsel of Record is GRANTED; and it is further

ORDERED that Brian P. McVan, Esquire shall be withdrawn as counsel for Plaintiff, Charles Welsh, and that this shall be noted on the Court's docket upon satisfaction of the conditions identified in this Order regarding service of this Order; and it is further

ORDERED that Mr. McVan shall serve a copy of this Order on Plaintiff via regular and certified mail, return receipt requested, within three (3) days of his receipt of this Order and Mr. McVan shall file proof of service with the Clerk of the Court within seven (7) days of service; and it is further

ORDERED that Plaintiff is deemed to be proceeding in this case *pro se* and his address on the docket shall be noted as 5866 Griscomb Drive, Bensalem, Pennsylvania 19020.  Plaintiff's phone number and email address shall also be noted on the docket as 267-560-5556 and welsh411@comcast.net.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge